UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

RICHARD FORSATZ,                      :
                                      :
                 Plaintiff            :
                                      :
                                      :   CIVIL ACTION NO.  05-2577 (JCL)
          v.                          :
                                      :
                                      :  **MEMORANDUM AND ORDER**
THE CONTRIBUTORSHIP                   :  **CONVERTING MOTION TO**
COMPANIES,                            :  **DISMISS INTO SUMMARY**
                                      :  **JUDGMENT MOTION**
                 Defendant.           :
                                      :
_____

## LIFLAND, District Judge

     Plaintiff Richard Forsatz ("Forsatz") filed a one-count Complaint in this Court

on May 16, 2005, alleging wrongful termination in violation of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et seq.  In the

Complaint, Plaintiff claims that he was fired from his employment on June 3, 2004

for unspecified reasons, and that his position was given to someone sufficiently

younger to permit the inference of age discrimination.   Defendant The

Contributorship Companies ("Contributorship") moved to dismiss the Complaint

pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant asserts the affirmative defense of the

statute of limitations as the basis for its motion.   See Oshiver v. Levin, Fishbein,

Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir.  1994) (noting that although "the

language of Fed. R. Civ. P. 8 (c) indicates a statute of limitations defense cannot be

used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where

the complaint facially shows noncompliance with the limitations period and the affirmative defense appears clearly on the face of the pleading"). Specifically, Defendant argues that Plaintiff not only failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as required by 29 U.S.C § 626(d), but also filed this action out of time, beyond the statutory 300-day limitations period prescribed therein.

In opposition to the Defendant's motion, Plaintiff admits that he failed to file with the EEOC as required by law and also filed the instant Complaint out of time, but nevertheless contends that principles of equitable tolling apply to excuse his non-compliance with the statutory limitations provision at issue. See Seitzinger v. Reading Hospital & Medical Ctr., 165 F.3d 236, 240 (expressing a "willingness to invoke equitable tolling in a number of circumstances: when the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum"). Defendant replies by pointing to certain factual information which, it claims, contradicts Plaintiff's arguments.

Consideration of this factual dispute on a Rule 12(b)(6) motion to dismiss is wholly improper. If on a Rule 12(b)(6) motion "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be

2

given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).  The parties must have notice of this conversion. Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989).  Notice must be "unambiguous" and must "fairly apprise[] the parties that the court intends to convert the motion.  Id. at 341-42.  Although this notice need not be express, the Court of Appeals has recommended that the District Court provide express notice.  In re Rockefeller Ctr. Prop., Inc. Securities Litig., 184 F.3d 280, 288 (3d Cir. 1999).

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  In evaluating a summary judgment motion, a court must "draw all reasonable inferences in favor of the non-moving party." Armour v. County of Beaver, PA, 271 F.3d 417 (3d Cir. 2001) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  A motion for summary judgment requires the non-moving party to set forth specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Albright v. Virtue, 273 F.3d 564, 570 n.6 (3d Cir. 2001). The burden of showing that no genuine issue of material fact exists rests initially on the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001).  Once the moving party has made

a properly supported motion for summary judgment, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 242.

Here, the parties have identified a dispute suitable for disposition by summary judgment; namely, whether material facts exist to support Plaintiff's position that the statute of limitations should be equitably tolled. Therefore, the Court notifies the parties that the pending Rule 12(b)(6) motion is converted to a Rule 56 summary judgment motion. Discovery may be necessary. The Court will permit the parties to take pertinent discovery to be overseen by Magistrate Judge Falk. Within a reasonable time period, the parties shall augment their existing briefs and supporting papers to address the issue articulated above.

Accordingly, **IT IS** on this 19th day of October 2005

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12 (b)(6) is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, and it is further

**ORDERED** that pertinent discovery may be taken with respect to the factual basis for asserting principles of equitable tolling. Judge Falk is requested to supervise said discovery.

/s/ John C. Lifland, U.S.D.J.